{¶ 31} The Judgment Entry of February 14, 2005 states the following:
 This matter came on for hearing this 2nd day of February, 2005. * * *
 The parties requested a joint continuance based on the following terms:
 In return for Plaintiff's agreement to continue the matter to
 February 16, 2005 at 10:00 a.m., all Defendants agree to:
 1. Fully comply with the previous orders of this Court, and
 2. Remove everything except licensed vehicles and buildings from the property located at 1106 S. SR 587, Fostoria, Loudon Township, Seneca County, Ohio (herein "Premises"), and
 3. Any and all personal property at the Premises will be removed or stored in an enclosed building, excepting pallets addressed hereafter, and
 4. A cash bond of $4,000 should this Court find Defendants in contempt of its provisions hereto and herein, and order incarceration of any or all Defendants at its February 16, 2005 hearing, and
 5. Any and all pallets at the Premises will be removed from the Premises by April 1, 2005. *Page 14 
 The parties having stated on the record that this is their agreement, and the Court finding same to be fair and equitable, accepts such agreement and hereby ORDERS this contempt hearing continued to February 16, 2005 at 10:00 a.m. Defendants are further ORDERED to appear at said hearing, or face arrest by bench warrant of this Court.
 The above orders are in addition to the previous orders of this Court. All prior orders of this Court shall remain of full force and effect.
(Emphasis added.) The April 11, 2005 Judgment Entry stated the following:
 This matter came on to be heard upon Plaintiff's Motion for Contempt. Per the Journal Entry of February 14, 2005, the matter was continued to February 16, 2005, then continued to February 28, 2005, then continued to March 21, 2005, then continued to April 6, 2005.
 The Defendant, Charles A. Black, III, by his own admission, has brought more pallets onto the property and thus has not removed them by April 1, 2005.
 Enough is enough. The Defendant is in contempt and sentenced to thirty days in the Seneca County Jail. His (sic) is to report by 8:30 a.m., April 15, 2005.
 He may be released from the jail or avoid appearance at the jail if prior to April 15, 2005, the pallets are removed or he pays the Seneca County General Health District the sum of $4,000.00. If the pallets are removed after April 15, 2005, but before he serves the full thirty (30) days, he is to be released. If the $4,000.00 is paid after April 15, 2005, but before he serves the full thirty (30) days, he is to be released. * * *
Apparently whatever pallets were on the property as of the April 11, 2005 Judgement Entry were removed from the property by April 15, 2005 and Black was not required to report to jail or pay the SCGHD the sum of $4,000.00. *Page 15 
 {¶ 32} On January 12, 2006, SCGHD filed a motion for contempt of court with an attached affidavit by Dustin Kent, Sanitarian-in-training, establishing that during a visit that he made on December 29, 2005 to 1106 S. SR 587, Fostoria, Loudon Township, Seneca County, Ohio he was advised by Black that he was "manufacturing pallets" and observed one trailer of pallets to be broken down and another trailer ready to be shipped off the property.
 {¶ 33} The July 12, 2006 Judgment Entry states:
 This matter came on for hearing the 10th day of July, 2006 regarding the alleged contempt of the Defendant, Charles A. Black, Jr. The Court took testimony, admitted numerous exhibits and has reviewed the file. By the Defendant's own admission, supported by the various photos, and in particular Movant's Exhibit 10, it is clear to the Court that the Defendant continues to have pallets at the premises. While the Court is sympathetic to the Defendant's medical condition, nonetheless, by his own agreement and by this Court's Order, there were to be no pallets on the premises and they have continued to be there despite this Court's Order and the Defendant's agreement.
 This Court must reluctantly conclude, by any standard of evidence, that the Defendant has defied this Court's Order and he is, therefore, held in contempt. As this is his second contempt, it is the sentence of this Court that he serve sixty (60) days in the Seneca County Jail, beginning September 1, 2006.
 Further, based upon the Defendant's continued refusal to comply with this Court's Order, the Seneca County General Health District is hereby GRANTED an extension of the Permanent Injunction to July 1, 2008, to maintain control of the premises for compliance. Failure to remove all of the pallets by August 15, 2006 and their continued non-appearance on the premises after that date must be enforced. *Page 16 
 Therefore, this Court will impose an $100.00 a day fine for any pallets found on the premises after August 15, 2006, regardless of their purpose.
 {¶ 34} Upon review of the record and the above mentioned entries, it is my view that the trial court did not abuse its discretion by finding Black in contempt of an order of the court. It is established in the February 14, 2005 Judgment Entry that Black agreed that any and all
pallets were to be removed from the premises. The fact that the specific pallets on the property on February 14, 2005 were eventually removed after he was found in contempt for the first time does not allow him to bring more pallets onto the property. The fact that he again brought pallets onto his property directly violated the agreement that he made with SCGHD and the trial court in the February 14, 2005 Judgment Entry.
 {¶ 35} For these reasons, I respectfully dissent. I would affirm the judgment of the Seneca County Common Pleas Court. *Page 1